963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus GUZMAN-GONZALES, Defendant-Appellant.
 No. 91-50268.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided May 14, 1992.
 
 1
 Before JAMES R. BROWNING, FARRIS, Circuit Judges, and MACBRIDE, Senior District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 To decide a sufficiency of the evidence claim, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Medina, 940 F.2d 1247, 1250 (9th Cir.1991) (citations omitted). A conspiracy requires: 1) an agreement to accomplish an illegal objective; 2) coupled with one or more overt acts; and 3) the requisite intent necessary to commit the underlying substantive offense. Id.
 
 
 4
 The testimony of several witness confirmed that the 16703 Brookport Street residence was a "drophouse". The government also introduced substantial physical evidence, including: 1) "pollo lists" detailing the alien payment operation; and 2) phone call records suggestive of alien smuggling. The evidence supported the jury's reasonable inference that the house was used to harbor illegal aliens.
 
 
 5
 Having proved a conspiracy, evidence establishing beyond a reasonable doubt defendant's connection with the conspiracy, even though the connection is slight, is sufficient to convict defendant of knowing participation in the conspiracy. United States v. Taylor, 802 F.2d 1108, 1116 (9th Cir.1986). The confidential informant specifically identified Guzman-Gonzales as one of the alien smugglers who reviewed the notes and pollo lists. Another alien also saw Guzman-Gonzales at the house during his stay. The evidence was sufficient to connect Guzman-Gonzales with the conspiracy. See United States v. Calabrese, 825 F.2d 1342, 1348 (9th Cir.1987).
 
 
 6
 It was not error to convict Guzman-Gonzales for harboring illegal aliens. Once a jury has found a defendant guilty of conspiracy, it may also find him guilty of substantive violations committed by co-conspirators. United States v. Torres-Rodriguez, 930 F.2d 1375, 1382 (9th Cir.1991).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Thomas J. MacBride, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3